**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

|                              |   |           |
|------------------------------|---|-----------|
| ANDREW DAVID WHITE,          | ) |           |
|                              | ) |           |
|     Petitioner, | ) |           |
|                              | ) |           |
|     v.   | ) | 1:13CV122 |
|                              | ) |           |
| DUANE TERRELL,               | ) |           |
|                              | ) |           |
|     Respondent. | ) |           |

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entries 1, 2.) On November 16, 2006, Petitioner pled guilty in the Superior Court of Guilford County to first degree murder in case 06 CRS 70305. (Docket Entry 1, ¶¶ 1, 2, 4-6; see also Docket Entry 1-2 at 11-12.)[1] The trial court sentenced Petitioner to life imprisonment without the possibility of parole. (Docket Entry 1, ¶ 3; see also Docket Entry 1-3 at 30-31.) Petitioner did not pursue a direct appeal. (See Docket Entry 1, ¶ 8.)

Petitioner did file a pro se "Motion for Discovery" (Docket Entry 1-2 at 14-15) and "Motion for Preparation of a Stenographic Transcript" (id. at 16-18) with the trial court, both of which he dated as signed on December 29, 2008 (id. at 15, 18), and which that court stamped as filed on January 6, 2009 (id. at 14, 16). The trial court denied both motions in a single order dated January 16, 2009 (id. at 20), and filed on January 20, 2009 (id. at 19).

---

[1] For attachments to the Petition, as well as portions of the Petition lacking paragraph numbers, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

Petitioner thereafter filed a pro se motion for appropriate relief ("MAR") with the trial court (Docket Entries 1-1, 1-2 & 1-3; see also Docket Entry 1, ¶ 11(a)),[2] which that court accepted as filed on February 29, 2012 (Docket Entry 1-3 at 54 (indicating date filed); see also Docket Entry 1, ¶ 11(a)(3)). The trial court denied the MAR by order dated and filed August 27, 2012 (Docket Entry 1-3 at 54; see also Docket Entry 1, ¶ 11(a)(7), (8)). Petitioner sought review of that denial by filing a certiorari petition in the North Carolina Court of Appeals (Docket Entry 2 at 1-13; see also Docket Entry 1, ¶ 11(b)), which he signed as submitted on January 1, 2013 (Docket Entry 2 at 11),[3] and which that court accepted as filed on January 10, 2013 (id. at 17 (indicating date filed)). The Court of Appeals denied that petition on January 28, 2013. (Docket Entry 2 at 17; see also Docket Entry 1, ¶ 11(b)(7), (8).)

Petitioner thereafter submitted his instant Petition to this Court (Docket Entries 1, 2), which he dated as mailed on February 6, 2013 (Docket Entry 1 at 14), and which the Court stamped as filed on February 11, 2013 (id. at 1).[4] Respondent then moved to

---

[2] Petitioner provided an unsigned, undated copy of his MAR to this Court. He stated in his subsequently filed certiorari petition in the North Carolina Court of Appeals that he mailed that MAR to the state trial court on February 24, 2012. (See Docket Entry 2 at 6.)

[3] Although Petitioner signed the certiorari petition as submitted on January 1, 2013 (see Docket Entry 2 at 11), the certificate of service reflects mailing for filing with the Court of Appeals and service upon the government on January 8, 2013 (see id. at 13).

[4] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court deems the instant Petition filed on February 6, 2013, the date Petitioner signed the Petition (under penalty of perjury) as
(continued...)

dismiss the Petition on statute of limitation grounds. (Docket Entry 5.) Petitioner responded in opposition. (Docket Entry 8.) For the reasons that follow, the Court should grant Respondent's instant Motion.

**Petitioner's Claims**

Petitioner raises three claims for relief in his Petition. First, he alleges that he received ineffective assistance of counsel in that his trial counsel "did not do his job[,] . . . gave up on the [d]efense and told [Petitioner] that his case was [d]ead [o]n [a]rrival, strongly influencing [Petitioner] to sign a plea." (Docket Entry 1 at 5.) Petitioner additionally asserts that "[a] second attorney, added later, did nothing to rectify this situation." (Id.) Second, Petitioner claims that while he remained in state custody, interrogators obtained a Miranda waiver that failed to meet the "knowing, voluntary and intelligent" test and an involuntary confession, in violation of his privilege against self-incrimination under the Fifth Amendment. (Id. at 6-7.) Third, he asserts that the trial court erred by accepting a plea that failed to meet the "knowing and voluntary" test due to the ineffective assistance of his trial counsel and his impaired mental state caused by "excessive and inappropriate medication." (Id. at 8.)[5]

---

[4](...continued)
submitted to prison authorities. (See Docket Entry 1 at 14.)

[5] In each of his claims for relief, Petitioner asks the Court to "[s]ee" certain pages in his state court MAR (namely pages 11 through 22), which he attached to his instant Petition, presumably for further elaboration of the bases
(continued...)

**Discussion**

In order to assess Respondent's statute of limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Green v. Johnson</u>, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

Petitioner alleges that he "made various unsuc[c]essful attempts to obtain the papers necessary to undertake post-conviction proceedings" and that, "[a]fter a protracted effort, he finally received [d]iscovery from his lawyer on May 10, 2011."

---

[5](...continued)
of such claims. (<u>See</u> Docket Entry 1 at 5, 6, 8.)

(Docket Entry 1, ¶ 18.)  He claims that "basic forms available through the Clerk of Superior Court were NOT adequate" and that "Exhibits N, V-Z, AA-EE, and LL-PP" to his MAR contained "indispensable information" which he could not have obtained earlier.  (Docket Entry 8 at 1.)  He argues that "[u]sing this date - May 10, 2011 - and pausing from the mailing of [the MAR] (2-24-12) until [the] [o]rder denying [certiorari] (1-28-13), [he] is well within the one year time limit."  (Docket Entry 1, ¶ 18.)  He thus concludes that he filed his instant Petition in a timely manner under 28 U.S.C. § 2244(d)(1)(D).  (Id.)  Petitioner's argument misses the mark.

The statute of limitations begins to run under subparagraph (D) when the factual predicate of a claim "could have been discovered through the exercise of due diligence," not upon its actual discovery.  28 U.S.C. § 2244(d)(1)(D); Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004).  Here, one of Petitioner's claims involves alleged Miranda errors while in custody at the time of his arrest and the remaining two claims involve ineffective assistance of counsel up to and including the time of his plea as well as trial court error in accepting his plea.  Thus, even if receipt of trial counsel's file aided Petitioner in the pursuit of the claims he asserts in the instant Petition,[6] Petitioner should have known

---

[6] The MAR Exhibits Petitioner posits as "indispensable" to the claims in the instant Petition consist of a request for a pretrial conference, an order granting same and an order requesting the Office of Indigent Defense Services/Office of the Capital Defender to appoint a second trial counsel for Petitioner (Docket Entry 1-2 at 8-10 (MAR Exhibit N)); medical records from Petitioner's in-patient treatment at a hospital at the time of the crime (Docket
(continued...)

of the basis of his claims at or before the time he pled guilty, November 16, 2006. Thus, the date on which Petitioner actually obtained those records does not control in this context. Sistrunk v. Rozum, 674 F.3d 181, 189 (3d Cir. 2012) (holding that "evidence that is previously known, but only newly available does not constitute newly discovered evidence" under subparagraph (D)) (citation and internal quotation marks omitted). Thus, subparagraph (D) does not apply with respect to Petitioner's receipt of his attorney's file.

Given that fact and the fact that subparagraphs (B) and (C) of § 2244(d)(1) do not apply in this case, the only other possible commencement point for Petitioner's one-year limitation period falls on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). As Respondent has asserted (Docket Entry 6 at 3), and Petitioner has not disputed (see Docket Entry 8), Petitioner's convictions became final on November 16, 2006, because he pled guilty and received one of only

---

[6](...continued)
Entry 1-2 at 23-33; Docket Entry 1-3 at 32-33, 42 (MAR Exhibits V, W, X, LL, MM, PP)); medical records reflecting Petitioner's prior mental health treatment (Docket Entry 1-3 at 1-13 (MAR Exhibits AA-EE)); an incident report pertaining to Petitioner's hospital stay at the time of the crime and a Miranda waiver form, both prepared by the Guilford County Sheriff's Department (Docket Entry 1-3 at 34-36 (MAR Exhibits NN, OO)); and a mandamus petition and affidavit in support seeking access to Petitioner during his hospital stay at the time of the crime filed by a different attorney than Petitioner's trial counsel (Docket Entry 1-2 at 34-41 (MAR Exhibits Y, Z)). Petitioner makes no attempt to explain how those documents are "indispensable" to his instant claims. Moreover, Petitioner's trial counsel did not create any of those documents and, thus, Petitioner fails to explain why he could not have, with the exercise of due diligence, obtained those documents from sources other than his trial counsel at an earlier time than May 10, 2011.

two permissible sentences for his offense (the other available sentence being death). See N.C. Gen. Stat. §§ 14-17 (2006), 15A-1340.17(c) (2006). In North Carolina, defendants who plead guilty have very limited grounds on which they can appeal. See State v. Smith, 193 N.C. App. 739, 741-42, 668 S.E.2d 612, 613-14 (2008) (enumerating limited grounds for appeal for defendants who plead guilty); see also N.C. Gen. Stat. §§ 15A-979(b), 15A-1444. Petitioner has not alleged or otherwise shown that any of these grounds existed and thus he had no right to appeal. Under these circumstances, Petitioner's time to file a habeas petition in this Court began to run on November 16, 2006. Hairston v. Beck, 345 F. Supp. 2d 535, 537 (M.D.N.C. 2004); accord Redfear v. Smith, No. 5:07CV73-03-MU, 2007 WL 3046345, at *2 (W.D.N.C. Oct. 17, 2007) (unpublished); Marsh v. Beck, No. 1:06CV1108, 2007 WL 2793444, at *2 (M.D.N.C. Sept. 26, 2007) (unpublished).[7] The limitations period then ran for 365 days until it expired on November 16, 2007, over five years before Petitioner brought this action under § 2254.

Petitioner did make certain state collateral filings, which generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)," Taylor v. Lee, 186 F.3d 557, 561 (4th

---

[7] Even if Petitioner had possessed a right to appeal, any such right would have expired 14 days after the trial court entered judgment against him. See N.C. R. App. P., Rule 4(a)(2). Given when Petitioner filed his instant Petition, those 14 days would not affect the timeliness analysis.

Cir. 1999).  Petitioner, however, did not make any collateral filings in the state courts until well after his time to file a federal habeas claim had already expired.  State filings made after the federal limitations period has passed do not restart or revive the filing period.  See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).

In his filings in this matter, Petitioner does not assert entitlement to equitable tolling of the one-year limitations period, which doctrine the Supreme Court has ruled applicable in this context, Holland v. Florida, 560 U.S. 631, 649 (2010).  Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  To the extent Petitioner's above-referenced arguments seeking delayed commencement of the limitations period under Section 2244(d)(1)(D) constitute a request for equitable tolling, the materials before the Court demonstrate neither the requisite diligence nor an "extraordinary circumstance" that prevented timely filing.[8]

---

[8] In his response to the instant Motion, Petitioner challenges the validity [of Section 2244(d)] based on Article I, Section 9 of the U.S. Constitution[.]" (Docket Entry 8 at 2.)  That contention lacks merit.  See, e.g., Wyzkowsi v. Department of Corr., 226 F.3d 1213, 1217 (11th Cir. 2000) ("Every court which has addressed the issue - i.e., whether, as a general matter, § 2244(d) constitutes an unconstitutional suspension of the writ - has concluded that it does not.").

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 5) be granted, that the Petition (Docket Entries 1, 2) be dismissed, and that this action be dismissed.

                                     /s/ L. Patrick Auld
                                   **L. Patrick Auld**
                          **United States Magistrate Judge**

April 2, 2014